This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.  **No. 35,366**

**DANIEL DEMORY**,

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Gary L. Clingman, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Templeman & Crutchfield, P.C.
C. Barry Crutchfield
Lovington, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Chief Judge.**

{1} Following a conditional guilty plea, [RP 79] Defendant appeals his convictions for two counts of sexual exploitation of children (distribution/depiction). [DS 2] We issued a notice of proposed summary disposition, proposing to affirm. In response, Defendant has filed a timely memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

{2} Defendant continues to argue that the district court erroneously denied his motion to suppress, and that the evidence in question was obtained from the search of a residence without consent or a valid search warrant. [MIO unnumbered 3; DS 7–8] The crux of Defendant's issue is whether the district court's determination that Defendant's wife consented to the search by inviting federal officers into the residence was supported by substantial evidence. [MIO unnumbered 1; CN 4]

{3} Our notice proposed to affirm, explaining that upon consideration of both the testimony of Detective Miranda and the testimony of Defendant's wife offered at the suppression hearing, the district court made a written finding in its denial of Defendant's motion to suppress that "the testimony of [Defendant's wife] is not credible and unbelievable and the testimony and Affidavit of Detective Miranda is credible and legally supports the issuance of Judge Sanchez's search warrant dated October 29, 2014." [RP 76] Our notice observed that as an appellate court, we do not second-guess the district court's determinations regarding the credibility of witnesses.

[CN 4–5] *State v. Urioste*, 2002-NMSC-023, ¶ 6, 132 N.M. 592, 52 P.3d 964 ("As a reviewing court we do not sit as a trier of fact; the district court is in the best position to resolve questions of fact and to evaluate the credibility of witnesses."

**{4}** In response, Defendant argues that although Detective Miranda stated in his Affidavit in support of the search warrant that Defendant's wife consented to the federal agents' entry into the home, Detective Miranda later noted that this information was solely based on what the federal agents told him. [MIO unnumbered 2] In light of Defendant's wife's testimony at the hearing that she did not consent, Defendant argues that the testimony of Detective Miranda alone is insufficient to support the district court's denial of the motion to suppress because Detective Miranda had no personal knowledge regarding consent and the federal agents did not testify at the suppression hearing. [MIO unnumbered 2–3] Stated another way, Defendant argues that Detective Miranda's testimony at the suppression hearing was double hearsay and therefore, the district court's ruling could not have been supported by substantial evidence. [MIO unnumbered 2–3]

**{5}** We are unpersuaded. While deciding that Confrontation Clause protections do not extend to a suppression hearing, our Supreme Court explained that the State is permitted to rely on hearsay and double hearsay testimony at a suppression hearing

to determine whether a search and seizure is constitutionally reasonable, and in turn, whether contraband is admissible at trial, even where that same testimony would not be admissible at trial. *State v. Rivera*, 2008-NMSC-056, ¶¶ 11, 23, 144 N.M. 836, 192 P.3d 1213. In so doing, our Supreme Court relied upon United States Supreme Court authority holding that "out-of-court statements are admissible at a suppression hearing to prove authority to consent to search." *Id.* ¶ 17. Further, our Supreme Court explained that due process protections at suppression hearings are fewer than those afforded at trial. *Id.* ¶ 16.

{6} Additionally, the Rules of Evidence, with the exception of the rules on privileges, do not apply at suppression hearings. *See* Rule 5-212 NMRA, comm. cmts. (2013 amendments) (stating in pertinent part that "[a]t a hearing on a motion to suppress, the Rules of Evidence, except for the rules on privileges, do not apply"); *see also* Rule 11-104(A) NMRA ("The court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible. In so deciding, the court is not bound by evidence rules, except those on privilege.").

{7} Accordingly, we conclude that the district court did not err in relying on Detective Miranda's affidavit and testimony at the suppression hearing to resolve the issue of consent. *See Rivera*, 2008-NMSC-056, ¶ 15 ("At a suppression hearing, the court may rely on hearsay and other evidence, even though that evidence would not

4

be admissible at trial." (internal quotation marks and citation omitted)); *State v. Martinez*, 2007-NMSC-025, ¶ 21, 141 N.M. 713, 160 P.3d 894 (stating that the district court is not bound by the rules of evidence when deciding pretrial admissibility questions, except rules concerning privileges, and may consider hearsay to establish preliminary facts).

**{8}** Lastly, our notice explained that even though Defendant cited to the New Mexico Constitution in his docketing statement, he did not assert that the state constitution provided him with greater protection than the United States Constitution in this context, and therefore, we did not consider whether the New Mexico Constitution offered Defendant greater protection. [CN 2] In response, Defendant states that "the provisions of Article II, Section 10 were directly presented to the [d]istrict [c]ourt" and that this Court's decision in *State v. Wagoner*, 2001-NMCA-014, 130 N.M. 274, 24 P.3d 306, "was presented to the district court for the holding that the evidence produced from an illegal search will not support a search warrant." [MIO unnumbered 1] We remain unpersuaded. The issue in this case involves the admissibility of hearsay at a suppression hearing. The proposition cited by Defendant, referencing Article II, Section 10, is not relevant to the issue presented. As we explained above, our Supreme Court has held that out-of-court statements are admissible at a suppression hearing to show consent to search. *Rivera*, 2008-NMSC-

5

056, ¶ 17. Defendant has not advanced any argument as to how the New Mexico Constitution would preclude the admission of out-of-court statements at a suppression hearing to show consent, and we therefore decline to examine the issue. *See State v. Guerra*, 2012-NMSC-014, ¶ 21, 278 P.3d 1031 (explaining that appellate courts are under no obligation to review unclear or undeveloped arguments).

{9}     Accordingly, for the reasons stated above and in our notice of proposed summary disposition, we affirm.

{10}    **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Chief Judge**


**WE CONCUR:**


_____
**TIMOTHY L. GARCIA, Judge**


_____
**J. MILES HANISEE, Judge**